UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH A. PARKER, | ) | CASE NO. 5:16 CV 2729 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STARK STATE COLLEGE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On November 8, 2016, plaintiff *pro se* Deborah A. Parker filed this *in forma pauperis* action against defendant Stark State College.  Plaintiff alleges in the Complaint that she is 67 years old and disabled by mental illness.  She further alleges she complained about harassment by an instructor, sought to appeal a failing grade, was not permitted to take an exam "because her severe mental illness from mental harassment," her Compass Algebra scores were changed, and that she was referred to as an "older student."  Plaintiff asserts discrimination based on disability and age, and seeks $250,000.00 in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Even construing the Complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting she might have a valid federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. §

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir. 1986).

1915(a)(3), that an appeal from this decision could not be taken in good faith.


          */s/ John R. Adams*
          JOHN R. ADAMS
          UNITED STATES DISTRICT JUDGE
          NORTHERN DISTRICT OF OHIO

Dated: January 30, 2017